RULEY, JUDGE:
The claimant, a project engineer for the respondent, has filed a claim in the amount of $99.73, representing the cost of repairing the damage to his automobile as a result of striking a pothole on U. S. 119 near Elkview on January 25, 1978. The claimant was on his way home at approximately 5 o’clock in the evening, driving north. The claimant testified that respondent had widened this road about two years prior to the accident by constructing a section 30 inches wide on the east side of this two-lane asphalt road. The pothole, which the claimant described as being 12 feet long, 12 to 18 inches wide, and 8 inches "deep, was located in and near the seam that was created between the old road and the widened section. Claimant admitted that he had previoúsly observed potholes in the general area, but not the one which he struck. He testified that the hole was completely filled with water, which accounted for his failure to observe the same prior to the accident. Apparently in an effort to establish notice of this pothole to respondent, claimant testified that one of respondent’s maintenance garages was located within a quarter of a mile of the accident scene and that it was in an area frequently used by respondent’s employees as a lunch stop.
Gary Huffman, a foreman of respondent, testified that one of his duties was the repairing of potholes, and that during winter months, the only material available for filling potholes was “cold mix”. He described this “cold mix” as a' very poor substitute for “hot mix”, which was not available until the spring of each year. Huffman testified that the subject pothole had been filled three or four times during the winter, but he *175 could not state whether any of these fills had been prior to January 25, 1978. Testifying from his official records, he also established that his work crew was kept almost continually busy during the month of January, 1978, in the removal of ice and snow.
The evidence fails to establish that respondent breached any legal duty owed to claimant. The respondent’s duty was that of ordinary care to keep this road in a reasonably safe condition. The respondent being neither an insurer nor a guarantor of the safety of persons travelling on the highways of this State, Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947), we must disallow this claim.
Claim disallowed.